## COMMONWEALTH *vs.* JAMES KELLEY.

Upon the trial of an indictment for keeping a tenement used for the illegal sale of intoxicating liquor, a government witness testified that a tumbler found on the premises "smelled of ale;" being asked on cross-examination whether there was any liquor in the tumbler, he answered, "There was froth," and declined to make other answer; a request being made to direct the witness to answer, the court ruled that the answer given was proper and sufficient. Upon an exception taken to this ruling, *Held,* that if the question were put for the purpose merely of testing the witness's accuracy, or the trustworthiness of his statement, the ruling of the court thereupon was not a subject for exception; but if it were put for any other purpose, the court should have been so informed at the time.

INDICTMENT for keeping and maintaining a tenement used for the illegal keeping, and for the illegal sale of intoxicating liquors.

Upon the trial in the Superior Court, before *Pitman,* J., a witness for the government testified that he took up a tumbler in the defendant's place, and smelled of it, and that it smelled of ale. Upon cross-examination, he was asked whether there was any liquor in the tumbler that he took up ; he replied, " There was froth," and declined to make any other answer.

The defendant asked the court to rule that the question was not answered, and requested the court to instruct the witness to answer the question ; but the court ruled that the answer given was a proper and a sufficient answer to the question.

The defendant, having been convicted, alleged exceptions.

*W. D. Northend,* for the defendant.

*C. R. Train,* Attorney General, for the Commonwealth.

WELLS, J. The question in this case turns upon the point of the purpose for which the inquiries in cross-examination were put. If it was merely to test the accuracy of the witness, or the degree of reliance to be placed upon his statement that the tumbler " smelled of ale," then the rule applies that the extent and limit of cross-examination for such purposes is largely if not wholly within the discretion of the judge presiding at the trial. *Odiorne* v. *Bacon,* 6 Cush. 185, 191. *Commonwealth* v. *Shaw,* 4 Cush. 593. *Rand* v. *Newton,* 6 Allen, 38. *Miller* v. *Smith,* 112 Mass. 470. *Commonwealth* v. *Lyden, ante,* 452.

The answer of the witness indicated that he understood the question to be of this nature and purpose. The court doubtless understood it in the same way. The bill of exceptions does not disclose any other purpose, nor show in what way any answer to the question could have been otherwise material or relevant. If the defendant supposed the answer might have a bearing not obvious from the inquiry, as it was made, or that it would be material in connection with other evidence in the case, or which he proposed to offer, he should have suggested that to the court. ·

As the case is presented here, upon the bill of exceptions, it appears to have been a matter of judicial discretion ; and the exceptions must therefore be                    *Overruled.*